UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-00843-DJH-CHL

**STANLEY W. WELLS, JR.,**                                                                 **Plaintiff,**

**v.**

**UNITED PARCEL SERVICE AIRLINES,**                                            **Defendant.**

## MEMORANDUM OPINION AND ORDER

Before the Court is a "Motion to Recuse" filed by Plaintiff Stanley W. Wells, Jr. ("Plaintiff"). In the motion, Plaintiff requests that the undersigned Magistrate Judge recuse himself from this case pursuant to 28 U.S.C. § 455 (1990). (*Id.* at PageID # 109.) Defendant United Parcel Service Airlines ("Defendant") filed a response deferring to the "discretion of the court, given the particular circumstances of this case, to decide the motion to recuse." (DN 23, at PageID # 114.) The motion is ripe for review.

Plaintiff brought this action against Defendant on December 17, 2020; the case was assigned to United States District Judge David J. Hale. (DN 1; DN 2.) On February 26, 2021, Judge Hale referred the case to the undersigned pursuant to 28 U.S.C. 636(b)(1)(A) "for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues." (DN 7.) Subsequently, Lira A. Johnson, Sarah B. Abshear, and Tony C. Coleman of the law firm Dinsmore & Shohl LLP ("Dinsmore & Shohl") have entered appearances on behalf of Defendant. (*See* DN 16; DN 20.) Plaintiff filed the instant motion on January 24, 2022 after learning that the undersigned was previously employed by Dinsmore & Shohl. (DN 22, at PageID # 109.) Given the undersigned's previous employment with the firm that is representing Defendant in this case, Plaintiff is

"concern[ed] as to whether he, or any judicial officer would, or could be totally and completely impartial in this scenario." (*Id.*)

"Preliminarily, [I] note that a judge is presumed to be impartial, and the party seeking disqualification 'bears the substantial burden of proving otherwise.' " *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007) (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir.2006)). 28 U.S.C. § 455, which sets forth bases for disqualification of judges and judicial officers in federal proceedings, provides that

> **(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> **(b)** He shall also disqualify himself in the following circumstances:
> . . .
> **(2)** Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> . . .
> **(5)** He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>> **(i)** Is a party to the proceeding, or an officer, director, or trustee of a party;
>>
>> **(ii)** Is acting as a lawyer in the proceeding;
>>
>> **(iii)** Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>>
>> **(iv)** Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(a)–(b).

Here, Plaintiff's motion raises potential grounds for disqualification under Section 455(a), (b)(2), and (b)(5)(iii). As an initial matter, subsection (b)(2) does not apply because "this matter

arose after [the undersigned] assumed the bench." *Davis v. Wendy's Int'l, Inc.*, 187 F.3d 635 (6th Cir. 1999) (table decision) (quoting 28 U.S.C. § 455(b)(2)). Additionally, romanette (iii) of subsection (b)(5) does not apply because while the undersigned was a partner at Dinsmore & Shohl, he currently holds no financial interest in the firm and otherwise knows of no interest that could be substantially affected by the outcome of this case.

Under section 455(a), a judge must recuse himself only "where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016) (quoting *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013)). "Because the standard is objective, the judge need not recuse himself based on the subjective view of a party." *Scott*, 234 F. App'x at 354 (citing *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir.1990)). Prior rulings by the Sixth Circuit, the appellate court sitting above this Court, indicate that a judge's previous professional affiliation with a party's counsel is not on its own a situation where the judge's impartiality would reasonably be questioned. *See Davis v. Wendy's Int'l, Inc.*, 187 F.3d 635 (6th Cir. 1999) (finding that recusal was not required when judge "was once a partner in a law firm that represented two defendants"); *Ausel v. Unisys Corp.*, 129 F.3d 1263 (6th Cir. 1997) (finding that recusal was not required when judge "was formerly associated with Defendant's counsel on unrelated matters"). Here, the undersigned likewise does not believe that his previous employment with Dinsmore & Shohl creates any reasonable question as to his impartiality. Indeed, Plaintiff himself concedes that in his view the undersigned "thus far has appeared to be fair with [him]." (DN 22, at PageID # 109.) It seems as though Plaintiffs request for recusal has less to do with partiality in fact, and instead has more to do with Plaintiff's preference. (*See id.*) (Plaintiff stating that he "would prefer a magistrate and/or judge with no professional affiliation or personal relationship with defense

counsel or United Parcel Service"). While the undersigned is understanding of Plaintiff's position, it cannot compel him to ignore the directive of the Supreme Court that "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum*, 409 U.S. 824, 837, 93 S.Ct. 7, 34 L.Ed.2d 50 (1972) (emphasis omitted). *See Philip Morris USA Inc. v. United States Food & Drug Admin.*, 156 F. Supp. 3d 36, 40 (D.D.C. 2016) (in finding that he was not disqualified, the judge noted that "a decision to recuse would encourage inappropriate judge-shopping by future litigants").

The undersigned notes that since assuming judicial office, he has recused as appropriate in many cases. However, here, recusal is not supported by or appropriate under the provisions of Section 455. Therefore, Plaintiff's motion will be denied.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Recuse (DN 22) is **DENIED**.

Colin H Lindsay, Magistrate Judge
United States District Court

March 29, 2022

cc: Counsel of record
　　Stanley W. Wells, Jr., *pro se*

Appeal of this Order is subject to the terms and time limitations of Fed. R. Civ. P. 72(a) and L.R. 72.2.